**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THE CITY OF SCRANTON,** : | |
| : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:16-1727** |
| : | |
| v. : | |
| : | **(JUDGE MANNION)** |
| **THOMAS J. DAVIS and ,** : | |
| **PATRICIA A. DAVIS,** : | |
| **Defendants** : | |

## MEMORANDUM

After the plaintiff, City of Scranton, it filed a complaint for confession of judgment, (Doc. 1), and after judgment was entered in the City's favor and against defendants Thomas J. Davis and Patricia A. Davis, (Doc. 3), the City filed a motion for attorneys' fees and costs. (Doc. 8). Defendants have not opposed the City's motion and the time within which to do so has expired. Since the City has demonstrated its entitlement to its claimed attorneys' fees and costs, and the court has determined the rates and hours are reasonable, its motion will be **GRANTED**.

## I. BACKGROUND

On August 18, 2016, the City filed a complaint for confession of judgment against the defendants to collect on a loan guaranty agreement executed by the defendants after they defaulted on the loan. (Doc. 1). Defendants authorized the entry of a confessed judgment against them.

On August 23, 2016, the clerk of court entered judgment in favor of the City and against the defendants in the amount of "$322,363.30, plus interest at the per diem rate of $34.25 through the date of entry of judgment and at the rate of 6% per annum from the date of entry, plus costs, expenses and reasonable attorneys' fees in an amount to be determined by the Court." (Doc. 3). On April 19, 2018, the City filed a motion for attorneys' fees and costs with attached exhibits. (Doc. 8). The City's motion is unopposed.

## II. DISCUSSION

Initially, the court finds that in this case a hearing is not necessary to determine the reasonableness of the attorneys' fees requested.[1]

Under the loan agreement, if there is a default, the defendants are obliged to pay the City "all costs and expenses (including reasonable attorney's fees and legal expenses) which may be incurred in the enforcement of the principal debtor's liabilities to the City ...." (Doc. 1-2 at 21). As such, the City is entitled to the legal expenses it incurred, including reasonable attorneys' fees, regarding the judgment it obtained against the defendants as well as the enforcement of its judgment since there was a clear agreement by the parties regarding these costs. *See* De Hart v. HomEq Servicing Corp., 47 Supp.3d 246, 255 (E.D.Pa. 2014) ("Pennsylvania courts have 'consistently

---

[1] Neither party requested a hearing and the court finds that one is not necessary based on the City's submissions.

followed the general, American rule that there can be no recovery of attorneys' fees from an adverse party, absent an express statutory authorization, a clear agreement by the parties or some other established exception.'") (citation omitted).

Thus, by virtue of the judgment entered in the City's favor, the City is the prevailing party and is entitled to its costs, expenses and reasonable attorneys' fees. The Third Circuit requires the court to analyze the reasonableness of the claimed fees with respect to an award of attorneys' fees. *See* Toshiba America Medical Systems Inc. v. Valley Open MRI, 674 Fed.Appx. 130 (3d Cir. 2016). Thus, the court must now determine the reasonableness of the requested fees.

The Affidavit of the City's attorney, Michael R. Wright, Esq., and the records regarding his law firm's (Levene, Gouldin & Thompson, LLP) work on this case, from July 24, 2016 through April 19, 2018, are attached to its motion. The City requests $18,132.75 for legal fees and $941.56 for costs and expenses, for a total award of $19,074.31.[2] An exhibit attaching Wright's Affidavit in support of the City's attorneys' fee request includes detailed documentation specifying the number of hours spent by each attorney and staff involved with the case, and the rates charged, as well as other relevant billing information supporting its requested fees pursuant to McMullen v. Kutz,

---

[2]Based on the court's calculations, it appears the correct total award sought by the City should be $19,214.56.

603 Pa. 602, 985 A.2d 769, 774 (2009). Nonetheless, the court must still make findings as to the reasonableness of the attorneys' fees and costs requested by the City and provide a statement as to the standard governing its award. *See* Toshiba, 674 Fed.Appx. 130; Sec. Mut. Life Ins. Co. of N.Y., 979 F.2d at 332.

The court analyzes the reasonableness of the City's requested attorneys' fees pursuant to Pennsylvania law.³ Under Pennsylvania law, the reasonableness of the requested attorneys' fees is within the sound discretion of the trial court. In re LaRocca's Tr. Estate, 431 Pa. 542, 246 A.2d 337, 339 (1968). However, "Pennsylvania courts have found an abuse of discretion when the trial court fails to provide 'an explanation ... of the basis for the award [of attorneys' fees].'" Toshiba, 674 Fed.Appx. at 133 (citing Sec. Mut. Life Ins. Co. of N.Y. v. Contemporary Real Estate Assoc., 979 F.2d 329, 332 (3d Cir. 1992); Croft v. P & W Foreign Car Serv., Inc., 383 Pa.Super. 435, 557 A.2d 18, 20 (1989)).

Specifically, as the Third Circuit indicated, the court is required to analyze "the amount and character of the [legal] services performed, the difficulty of the problems involved, the amount of money or value of property in question, the hours expended by the attorneys, [and] the rates charged to

---

³In Sec. Mut. Life Ins. Co. of N.Y., 979 F.2d at 331-32, the Third Circuit stated that "[i]n diversity cases, we apply state rules concerning the award of attorneys' fees." (citations omitted). The court's jurisdiction in the present case is based on diversity. *See* 28 U.S.C. §1332.

4

[plaintiff] for the work." Id. (citing McMullen v. Kutz, 603 Pa. 602, 985 A.2d 769, 774 (2009)); *see also* In re LaRocca's Tr. Estate, 246 A.2d at 339. Thus, the court must look to the above factors discussed by Pennsylvania courts, as well as "the results [the attorney] was able to obtain," "the degree of responsibility incurred," and "the professional skill and standing of the attorney in his profession," in determining [the] reasonableness of the City's requested attorneys' fees. In re LaRocca's Tr. Estate, 246 A.2d at 339; *see also* Arches Condo. Ass'n v. Robinson, 131 A. 3d 122, 131-32 (Pa.Commw.Ct. 2015) (other factors include "the nature and length of the litigation, the responsibilities of the parties in affecting the nature and length of the litigation, and the competitiveness of the rate and time expended"). The City contends that it is entitled to an award of $19,074.31 as the total amount of attorneys' fees and costs it reasonably incurred in this case. The City has the burden of producing evidence as to their reasonableness. Toshiba, 674 Fed.Appx. at 133.

"The starting point for a court's determination of reasonable attorney's fees is to calculate the 'lodestar' by multiplying the number of hours reasonably expended by each attorney by a reasonable hourly rate." Borrell v. Bloomsburg University 207 F.Supp.3d 454, 506 (M.D.Pa. 2016) (citations omitted), appeal pending. "The lodestar calculation is presumed to be a reasonable calculation of attorneys' fees." Id. (citation omitted).

5

### A. Hourly Rates

The court must consider the number of hours reasonably expended multiplied by an hourly fee based on the prevailing market rates in the relevant community. Dowering v. Union County Bd. of Chosen Freeholders, 857 F.2d 191, 195 (3d Cir. 1988); *see also* Maldonado v. Houstoun, 256 F.3d 181, 184 ( 3d Cir. 2001); Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001). "The Court should consider the experience and skill of the prevailing party's attorney, and compare the rates to those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Watcher, 559 F.Supp.2d at 521 (citing Maldonado, 256 F.3d at 184).

The burden of demonstrating the reasonableness of both the hours expended and hourly rates falls on the party seeking attorney's fees. *See* Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 (3d Cir. 2005) (citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)). In determining a reasonable hourly rate, generally, the starting point "is the attorney's usual billing rate, but this is not dispositive." Potence v. Hazleton Area Sch. Dist., 357 F.3d 366, 374 (citing Maldonado, 256 F.3d at 184-85).

If counsel fail to meet their prima facie burden of establishing that the requested hourly rate is in accordance with the prevailing market rates in the relevant community, "the district court must exercise its discretion in fixing a reasonable hourly rate." *See* Washington v. Phila. Cnty. Court of Common

6

Pleas, 89 F.3d 1031, 1036 (3d Cir. 1996); *see also* L.J. ex rel. V.J. v. Audubon Bd. of Educ., 373 Fed.Appx. 294, 297 (3d Cir. 2010). However, when "the plaintiff has met his prima facie burden under the community market rate lodestar test, and the opposing party has not produced contradictory evidence, the district court may not exercise its discretion to adjust the requested rate downward." Watcher, 559 F.Supp.2d at 521 (quoting Ridley v. Costco Wholesale Corp., 217 Fed.Appx. 130, 139 (3d Cir. 2007)).

In this case, the relevant community is the Middle District of Pennsylvania and, more particularly the Scranton/Wilkes-Barre area. *See* Borrell, 207 F.Supp.3d at 510-11. Wright avers that his standard hourly rate as a senior litigation partner with 40 years of experience in both state and federal court is $300.

The court first considers the reasonable hourly rates of the City's attorneys. In Connors v. Empire Office, Inc., Civil No. 14-0913, M.D.Pa., this court found in January 2016 that the prevailing market rate in the Scranton/Wilkes-Barre area for an experienced attorney in a civil rights case was $275 per hour. In Souryavong v. Lackawanna Cty., 159 F.Supp.3d 514 (M.D.Pa. 2016), the court awarded the lead counsel with about 20 years experience an hourly rate of $250. In Borrell, 207 F.Supp.3d at 510-11, the court in this district found that an hourly rate of $375 for a very experienced lead attorney was reasonable in a civil rights case, that a fee of $225 was

reasonable for a less experienced attorney who assisted the lead attorney with pre-trial matters that did not require any special skill or expertise, and that an hourly rate of $150 was a reasonable rate for a new attorney who had just worked in the law firm for one year.

In Toshiba America Medical Systems Inc. v. Valley Open MRI, 2017 WL 1493483 (M.D.Pa. April 26, 2017), this court found that the usual billing rates for experienced attorneys in complicated cases in this district are between $215 and $350, and the rates for less experienced attorneys are between $150 to $225. As such, the court finds that Wright is entitled to his hourly rate of $300 since he is well experienced and it is reasonable for his work in this case.

Next, the court considers that hourly rate for the paralegal. In *Toshiba, id.*, this court found that the reasonable hourly billing rates of paralegals in the Middle District range from $75.00 to $150 depending on skill and experience. *See* Borrell, 207 F.Supp.3d at 510-12 (citing Arlington Indus., Inc. v. Bridgeport Fittings, Inc., 2014 WL 2860863, at *13 (M.D.Pa. June 23, 2014) (approving hourly rates of $120.00 and $130.00 for legal assistants); Dino v. Pennsylvania, 2013 WL 6504749, at * 3 (M.D.Pa. Dec. 11, 2013) (approving an hourly rate of $150.00 for a legal assistant in an FLSA case); Overly v. Global Credit & Collection Corp., Inc., 2011 WL 2651807, at *5 (M.D.Pa. July 6, 2011) (noting that typical rates for legal assistants in the Middle District of Pennsylvania are between $70.00 and $120.00 an hour). This court then

found that the billing rates of paralegals in the relevant community are hourly rates ranging between $75.00 to $150.00. *See* Toshiba, 2017 WL 1493483.

Wright avers that 5.8 hours of paralegal time was performed in this case and that the hourly rate is $135. The court finds that this hourly rate is reasonable for the work performed by the paralegals in this case.

Additionally, Wright avers that 2.0 hours of work was performed by a legal clerk and that the hourly rate is $75. The court finds that this is a reasonable rate. *See id.*

**B. Reasonableness of Hours Expended**

The court must next "determine whether the number of hours spent on the litigation was reasonable." Watcher, 559 F.Supp.2d at 522. "The Court 'should review the time charged, decide whether the hours claimed were reasonably expended for each of the particular purposes described, and then exclude those that are' 'excessive, redundant, or otherwise unnecessary.'" Id., at 522-23 (quoting Public Interest Research Group of N.J., Inc. v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995))."Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S.C. 1933 (1983) (citation omitted)."

Moreover, the party requesting fees must submit "fairly definite information as to hours devoted to various general activities, *e.g.*, partial discovery, settlement negotiations, and the hours spent by various classes of

9

attorneys." United Auto. Workers Local 259 Social Sec. Dept. v. Metro Auto Center, 501 F.3d 283, 291 (3d Cir. 2007) (quoting Evans v. Port Auth., 273 F.3d 346, 361 (3d Cir. 2001)). It is not required to know "the precise activity to which each hour was devoted" nor is it required that "records be kept by task—e.g., for each motion, issue or part of the case." Washington v. Phila. County Court of Common Pleas, 89 F.3d 1031, 1037-38 (3d Cir. 1996) (citation omitted).

Wright has submitted information, including time summaries, which shows that he spent a total of 57.80 hours in this case. The court finds that the number of hours Wright billed the City for the work he performed in this case is reasonable. Thus, Wright is entitled to the total amount of $17,340 for his services, i.e., $300 x 57.80.

Next, the court finds that the 5.8 hours of time for paralegal work is reasonable and supported by the itemized records Wright has provided. Thus, the total amount of $783 will be allowed for the parallel work, i.e., $135 x 5.8.

The court also finds that 2.0 hours of work for the legal clerk is reasonable and supported by Wright's records. Thus, the total amount of $150 will be allowed for the legal clerk work, i.e., $75 x 2.0.

The court has reviewed the record, including the detailed itemized records submitted by Wright with his firm's litigation expenses, and it has considered the relevant factors, including the nature and length of the litigation, the responsibilities of the parties in affecting the nature and length

of the litigation, and the competitiveness of the rate and time expended. The court has also considered the complexity of the case, and finds that the City's evidence demonstrates that it is entitled to total attorneys' fees in the amount of $18,273.00 and that these fees are reasonable in light of the results the City obtained.

With respect to the costs for which the City seeks to be reimbursed, "[p]arties prevailing in federal court may recover the taxable costs referenced in Fed.R.Civ.P. 54(d)(1) and enumerated in 28 U.S.C. §1920." Borrell, 207 F.Supp.3d at 523 (citing Petrunich v. Sun Bldg. Sys., Inc., 625 F.Supp.2d 199, 211 (M.D.Pa. 2008)). The City seeks $941.56 for the costs and expenses it has incurred in this case. The court finds that Wright has substantiated the request for the costs in this case incurred by his firm and has documented the costs, and that the costs are necessary and reasonable.

### III. CONCLUSION

The court has analyzed the required factors, including the amount and character of the services performed, the difficulty of the problems involved, and the amount of money or the value of property in question, and finds that the City has established that its attorneys' fees and costs as specified herein are reasonable. Thus, the City's request for attorneys' fees and costs in the amount of $19,214.56 will be granted.

An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: June 26, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1727-01.wpd