```
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| **THE CITY OF SCRANTON,** : | |
| : | |
| **Plaintiff** | **CIVIL ACTION NO. 3:16-1727** |
| : | |
| v. | |
| : | **(JUDGE MANNION)** |
| **THOMAS J. DAVIS and , PATRICIA A. DAVIS,** : | |
| **Defendants** : | |

## MEMORANDUM

After the plaintiff, City of Scranton, filed a complaint for confession of judgment, (Doc. 1), and after judgment was entered in the City's favor and against defendants Thomas J. Davis and Patricia A. Davis, (Doc. 3), defendants filed a motion for relief from judgment under [Fed.R.Civ.P. 60(b)](). (Doc. 12). Defendants move to open the judgment. After review of defendants' motion, the briefs of the parties and the exhibits, the defendants' motion will be **DENIED**.

**I.   BACKGROUND**

On September 11, 2007, the City extended a capital improvement loan (the "Loan") to Kelbri Development, LLC ("Kelbri" or the "Borrower") in the principal amount of $250,000.00. The Loan was to be re-paid to the City based on the terms of a Loan Agreement dated September 11, 2007 (the "Loan Agreement") and a Promissory Note dated September 11, 2007 (the "Note"). In particular, the Loan Agreement required Kelbri to make monthly

payments in the amount of $1649.89 over a 20-year period with interest on the Loan accruing at the rate of 5% per annum. Also, on September 11, 2007, defendants secured the Loan by their personal guarantee and surety (the "Guaranty") which they executed. Under the terms of the personal Guaranty, each defendant became jointly and severally liable as the surety for all of the obligations, indebtedness, and liabilities which Kelbri owed to the City under the Note. The Guaranty signed by defendants also contained a provision for a warrant of attorney to confess judgment (the "Warrant"), under which defendants authorized the confession of judgment in favor of the City and against defendants in the event of a default of the Loan by Kelbri.[1]

From the inception of the Loan, Kelbri made monthly payments to the City in the amount of $825. After September 2011, Kelbri made no further payments to the City toward the Loan. In February 2012, the City discovered that Kelbri was in default on the Loan. In light of Kelbri's delinquency, Mary Maroon, the Director of Finance and Compliance for the City of Scranton Office of Economic and Community Development ("OECD"), sent Mr. Davis a letter advising him of the default on the Loan payments and stating that "Said Loan Agreement requires Borrower [Kelbri] to make the *amended* monthly payments in the amount of $825.00."

Despite Maroon's letter, Kelbri did not cure the delinquency on the Loan. Thus, the City's counsel sent Kelbri and Mr. Davis a letter dated

---

[1]Since the relevant terms of the Guaranty are stated in the City's brief in opposition, (Doc. 16 at 3-4), they shall not be repeated herein.

January 16, 2015 and gave them written Notice of Default pursuant to the Loan Agreement and the Note. Neither Kelbri nor Mr. Davis cured the default after the Notice.

Consequently, on August 18, 2016, the City filed a complaint for confession of judgment against the defendants to collect on the Loan Guaranty agreement, which they executed, due to the default on the Loan. (Doc. 1). A Confession of Judgment for Money was attached to the complaint as Exhibit 12, and in this document counsel for the City, Michael R. Wright, Esq., indicated that he appeared for the defendants and was authorized by them to confess judgment in favor of the City and against them. (Doc. 1-12). Wright also stated that as part of the Loan documents signed by the defendants, they waived their right to challenge entry of confessed judgment for a default without notice or an opportunity to object based on the Warrant.

On August 23, 2016, the clerk of court entered Judgment in favor of the City and against the defendants in the amount of "$322,363.30, plus interest at the per diem rate of $34.25 through the date of entry of judgment and at the rate of 6% per annum from the date of entry, plus costs, expenses and reasonable attorneys' fees in an amount to be determined by the Court." (Doc. 3).

On September 21, 2016, an entry of appearance by Thomas P. Comerford, Esq., was filed as counsel for defendants and a Response by defendants to the City's complaint was filed the next day. (Docs. 5 & 6). In their Response, the defendants sought to both answer the complaint and to

motion the court to open or strike the judgment entered against them on August 23, 2016.

On October 17, 2016, the court issued an order stating that any motion should be filed separate from any responsive pleading. (Doc. 7). Thus, the court struck defendants' "Response" from the record and directed defendants to file a Rule 60(b) motion, if they were requesting such relief.

Following the court's October 17, 2016 order, the next filing in this case was the City's motion for attorneys' fees and costs which was filed on April 19, 2018. (Doc. 8). The City's motion was unopposed. On June 26, 2018, the court granted the City's request for attorneys' fees and costs in the amount of $19,214.56. (Docs. 10 & 11).

On August 28, 2018, almost two years after the court's order directing the defendants to file a Rule 60(b) motion, the defendants filed a motion for relief from judgment pursuant to [Fed.R.Civ.P. 60(b)](#)[2] with attached exhibits. (Doc. 12). The defendants simultaneously filed their brief in support. On August 30, 2018, the City filed its brief in opposition along with two affidavits

---

[2]Rule 60(b) of the Federal Rules of Civil Procedure provides a limited avenue of relief where a final judgment or order has been entered in a case based on one or more of the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or discharged; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

4

and exhibits. (Doc. 16). Subsequently, the defendants and the City filed additional affidavits.

## II.     DISCUSSION

In considering a Rule 60(b) motion, "any time a [ ] court enters a judgment, even one dismissing a case by stipulation of the parties, it retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule." Sawka v. Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993) (alterations and internal quotation marks omitted). A motion brought under Fed.R.Civ.P. 60(b) "is directed to the sound discretion of the trial court." Pierce Assocs., Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988).

"The general purpose of Rule 60(b) is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 271 (3d Cir. 2002) (alterations and internal quotations marks omitted). Relief pursuant to Rule 60(b) is "extraordinary relief which should be granted only where extraordinary justifying circumstances are present." Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991). "One who seeks such extraordinary relief . . . bears a heavy burden." Plisco v. Union R.R. Co., 379 F.2d 15, 17 (3d Cir. 1967).

As the court in Beneficial Mut. Sav. Bank v. Philippopoulos, 2012 WL 3235165, *2 (E.D.Pa. Aug. 8, 2012), explained:

5

> Although the Federal Rules of Civil Procedure do not expressly provide a mechanism for striking or opening a confessed judgment, Rule 60(b) procedurally governs an attack on a judgment entered by confession in federal court. Resolution Trust Corp. v. Forest Grove, 33 F.3d 284, 288 (3d Cir. 1994). Therefore, a party seeking relief from a confessed judgment must do so by filing a motion to strike or open the judgment. Ohio Cas. Ins. Co. v. LRS Constr., Inc., 2008 WL 4533677, at *2 (W.D.Pa. Oct.3, 2008); *see also* Pa.R.Civ.P. 2959(a)(1). Given that confessions of judgment are a creature of state law, state law governs the substantive aspects of the motion. *See* Ohio Cas., 2008 WL 4533677, at *2.

*See also* F.D.I.C. v. Deglau, 207 F.3d 153, 166-67 (3d Cir. 2000).

In Deglau, 207 F.3d at 165, the Third Circuit stated that "[t]he proper inquiry for relief under Rule 60(b) is 'whether vacating the ... judgment will visit prejudice on the plaintiff [and] whether the defendant has a meritorious defense.'" (quoting Forest Grove, 33 F.3d at 288). In the instant case, defendants' motion is construed as one to open the judgment which under Pennsylvania law "offers to show that the defendant can prove a defense to all or part of the plaintiff's claim." Id. at 167 (citations omitted). The Third Circuit in Deglau, id. at 168, then explained:

> A motion to open is to be granted "[i]f evidence is produced which in a jury trial would require the issues to be submitted to the jury...." Pa. R. Civ.P. 2959(e). Thus, the standard of sufficiency is that of a directed verdict. *See* Suburban Mechanical Contractors, Inc. v. Leo, 348 Pa.Super. 324, 502 A.2d 230, 232 (1985). The district court is to view all the evidence in the light most favorable to the petitioner and to accept as true all evidence and proper inferences from it which support the defense while rejecting adverse allegations of the party obtaining the judgment. *See id.* The Pennsylvania rules regarding challenges to confessed judgment require the petitioner to offer "clear, direct, precise and 'believable' evidence" of his meritorious defenses. Id. at 328, 502 A.2d 230.

6

In their motion, defendants contend that City agreed to amend the Loan Agreement from the original terms of "$250,000 for 20 years @ 5% @ $1,650/monthly equally amortized" to the amended loan terms of "$250,000 for 20 years @ 0% interest @ $ 825/ month and one-time $50,000 balloon at end." They also contend that the Judgment was entered against them "without any prior notice or hearing." Defendants state that the City's complaint averred that "the loan agreement required monthly payments of $1,649.89, when in fact the OECD had amended the monthly payments to half that amount or $825." Based on the alleged amended terms of the Loan Agreement, defendants argue that the City's complaint contained "material misrepresentations as to the terms and conditions of the OECD loan, and thus resulted in a substantially larger judgment being entered against the Davises." For support, defendants rely on the February 14, 2012 letter to Mr. Davis from Maroon stating, in pertinent part, that the "Loan Agreement requires [Kelbri] to make the *amended* monthly payments in the amount of $825.00." (Doc. 12, Ex. A) (emphasis original). Maroon's letter also advised Mr. Davis that Kelbri was not making any monthly payments, that the payments were "severely overdue", and that it had 10 days to cure the default.

Prior to receiving the Maroon letter, defendants state that Kelbri made payments to the City pursuant to the alleged amended terms of $825/month from the inception of the Loan and continuing for four years, and that "[t]he City verified the new $ 825/month payment in writing", based on Maroon's letter. They further state that the City continued to accept the amended

monthly payment of $825 during the four years before Maroon's letter and for support defendants attach the City's receipt register regarding Kelbri's loan payments as Exhibit B to their motion, (Doc. 12). As such, defendants assert that in its complaint, the City failed to disclose the amended loan terms "thereby using inaccurate data triggering onerous and inaccurate default amounts that enrich the City."

Defendants also explain that the delay in filing their Rule 60(b) motion was because they were engaged in settlement discussions with the City after the court's October 2016 order and they did not want to incur additional legal fees. Defendants attach copies of emails showing that they tried to settle the matter with the City, as well as Affidavits from Comerford, (Doc. 19), and from Gerald P. Joyce, (Doc. 17).

Defendants rely upon Fed.R.Civ.P. 60(b)(6) in support of their motion. Even though such a motion "is not subject to the one-year limitation for seeking relief", "a Rule 60(b)(6) motion must be filed within a 'reasonable time.'" Williams v. City of Erie Police Dept., 639 Fed.Appx. 895, 898 (3d Cir. 2016). Here, although defendants' instant motion was filed after an almost 2-year delay from the court's October 2016 order, defendants maintain that it was filed within a "reasonable time" based on the continuing settlement discussions between the parties after the Judgment was entered against them.

Further, a "movant seeking relief under Rule 60(b)(6) [must] show 'extraordinary circumstances' justifying the reopening of a final judgment."

8

Gonzalez v. Crosby, 545 U.S. 524, 535 (2005). "It is available where the party seeking relief demonstrates that 'extreme' and 'unexpected' hardship will result absent such relief." Jackson v. Danberg, 656 F.3d 157, 165-66 (3d Cir. 2011) (citing United States v. Swift & Co., 286 U.S. 106 (1932)). The movant bears a heavy burden of proof that extraordinary circumstances are present to justify relief under Fed.R.Civ.P. 60(b)(6). Bohus v. Beloff, 950 F.2d at 930.

The grounds raised by defendants in support of their motion are that the terms of the Judgment entered against them are not accurate, that the City has instituted an action against them in New York state court to collect on the Judgment by selling their house, and that they are senior citizens in poor health. As such, defendants state that "[t]hey should not be threatened with the loss of their home by a Judgment procured through inaccurate financial terms."

As relief, defendants request the court to relieve them from the August 23, 2016 Judgment entered against them, or, in the alternative, to appoint a federal mediator "to determine a fair and reasonable amount to satisfy the OECD loan" and to stay the New York state court action the City filed against them.

The City states that it served defendants with its complaint by certified mail on August 29, 2016 which was signed by Mrs. Davis at their Binghamton, New York residence and that it notified defendants of their rights under the Pennsylvania Rules of Civil Procedure regarding how to Strike Off or Open Judgment and providing defendants with a Notice of Judgment and Execution

9

under Pennsylvania Rule of Civil Procedure 2958.1. (Docs. 15-3, 15-4). The City points out that the Loan Agreement specifically provided that any modification to it had to be in writing signed by all parties and that there has not been any written modification or amendment to the Loan Agreement signed by all parties produced by defendants in this case since no such document exists.

The City argues that defendants' motion is not timely under Rule 60(b)(6), that defendants have failed to show extraordinary circumstances justifying the reopening of the Judgment, and that they have not shown excusable neglect or a meritorious defense. The City points out that there is no dispute that Kelbri defaulted on the Loan and that defendants are liable based on the Loan Guaranty they signed. The record indicates that the last payment made on the Loan was in September of 2011, and that the Loan was in default as of that date. (Doc. 15 ¶ 16, Doc. 15-6).The City also states that Maroon had no authority to modify the Loan Agreement and the monthly amount due under it. The City's exhibits indicate that City Council would have had to approve any such modification and that it did not do so. The City also states that despite Maroon's letter to Mr. Davis, no further payments were ever made on the Loan and he did not pay the $4125 delinquent payment due at the time of the letter.

Thus, the City argues that Maroon's letter does not constitute an amendment to the Loan Agreement and it does not constitute a meritorious defense to the default on the Loan and the confession of judgment entered

against the defendants. The City also indicates that there was no material misrepresentations made as to the terms of the Judgment or the amount since its complaint stated that Kelbri made payments in the amount of $825 per month between November 2007 and September 2011. (Doc. 1 ¶ 13).

In her Affidavit, (Doc. 14), Maroon avers that when she wrote her February 14, 2012 letter, based on the payment history indicating that monthly payments of $825 were made by Kelbri since the beginning of the Loan without objection by OECD, she "assumed" that there must have been an understanding or agreement between the parties to allow Kelbri to pay the lesser amount. Maroon also avers that she did not have the Loan Agreement when she wrote her letter and is not aware of any written modification to the Loan Agreement signed by the parties authorizing Kelbri to make monthly payments of $825 and to change the interest rate to 0%.

Notably, the defendants do not contend that any of the Loan documents, including the Warrant, are invalid or unenforceable. Nor do they assert that the Judgment was confessed outside of the authority granted to the City in the Warrant. Based on the Warrant, Wright, as the attorney for the City, was authorized to appear on defendants' behalf due to the default on the Loan and to confess judgment for the debt due the City against defendants. No doubt that "[a] judgment debtor may waive his right to notice and an opportunity to be heard before judgment is confessed against him, consistent with due process, so long as he knowingly and voluntarily waives his rights." Beneficial Mut. Sav. Bank, 2012 WL 3235165, *3 (citing Choi v. Kim, 50 F.3d

11

244, 249 & n. 10 (3d Cir. 1995)); *see also* Deglau, 207 F.3d at 168 (Third Circuit has held that "a judgment against a reasonably sophisticated, corporate debtor who has signed an instrument containing a document permitting judgment by confession as part of a commercial transaction is enforceable in the same manner as any other judgment.") (quoting Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1272 (3d Cir. 1994)). Also, as stated, the defendants do not dispute that the Loan is in default and has been since September of 2011.

Moreover, the court further finds that the defendants' motion under Rule 60(b)(6) is not timely since the 22-month delay from the court's October 2016 order until they filed their instant motion is simply unreasonable. Even though defendants tried to settle the matter with the City during some of this time, the length of the delay, based on all of the facts of this case, was not reasonable. Moreover, the reasons upon which the defendants base their Rule 60(b) motion were known to them when they filed their Response to the complaint.

The court also finds that Maroon's letter was not a valid amendment to the Loan Agreement since she was not authorized to make any such amendment and since there is no written amendment signed by the parties in this case as required by the Loan Agreement.

Although the court is sympathetic to defendants' alleged hardship, it finds that defendants have not met the heavy burden of proof that extraordinary circumstances are present in this case to justify relief under [Fed.R.Civ.P. 60(b)(6)](). Most disturbing are the facts that the Loan was in

default since September 2011, long before Judgment was entered in favor of the City, and that defendants waited 22 months to file their Rule 60(b) motion. Further, based on the reasons detailed above, the court finds that defendants have not presented "clear, direct, precise and 'believable' evidence" of a meritorious defense justifying the opening of the confessed judgment entered against them. Additionally, the evidence does not demonstrate that there are any issues in this case which must be resolved by a jury.

Finally, viewing the evidence in the light most favorable to the defendants and accepting all proper inferences from it, the court finds that the City's evidence supports the amount of the Judgment entered against the defendants.[3]

---

[3]Under the Loan Agreement, if there is a default, the defendants are obliged to pay the City "all costs and expenses (including reasonable attorney's fees and legal expenses) which may be incurred in the enforcement of the principal debtor's liabilities to the City ...." (Doc. 1-2 at 21). To the extent that the City states that it should be awarded additional legal fees and costs it incurred in responding to the defendants' Rule 60(b) motion, it must file a motion with the appropriate documentation and a brief in support. The Third Circuit requires the court to analyze the reasonableness of the claimed fees with respect to an award of attorneys' fees. *See* Toshiba America Medical Systems Inc. v. Valley Open MRI, 674 Fed.Appx. 130 (3d Cir. 2016). The court is also required to make findings as to the reasonableness of any attorneys' fees and costs requested by the City, based on its documentation, and provide a statement as to the standard governing its award. *See* Toshiba, 674 Fed.Appx. 130.

### III.  CONCLUSION

Based on the foregoing, the court will **DENY** the defendants' motion for relief from judgment pursuant to Rule 60(b). (Doc. 12). An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: October 4, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2016 MEMORANDA\16-1727-02.wpd

14